Dear Mr. Dionisi:
You requested the opinion of this office as to whether the Louisiana Deferred Compensation Commission (the "Commission") may extend the term of the contract it has with Great-West Life and Annuity Insurance Company ("Great West") regarding the Deferred Compensation Plan (the "Plan") without the necessity of a formal bid process. It is our understanding that Great West has advised the Commission that a five year extension may be more advantageous to the Commission and its participants than the three year extension of the term set forth in the Contract.
Pursuant to a Request for Proposals to Administer the Louisiana Deferred Compensation Plan dated February 7, 1995 (the "RFP"), the Commission selected Great West as the Plan Administrator to provide administrative and clerical support activities for the Plan and the Commission.
The RFP states that the contract envisioned in the RFP for the Administrator is for an initial term of three years from January 1, 1996 through December 31, 1998. The Commission has the option of renewing the contract twice, each time for a period of three years. The contract is consistent with the RFP, and the parties are in the first optional term which expires December 31, 2001. The second optional term, if exercised, is for the period January 1, 2002 through December 31, 2004.
The Commission is created pursuant to La.R.S. 42:1301, et seq. (the "Act"). The powers and duties of the Commission are set forth in La.R.S.42:1303, as follows in pertinent part:
 "(2) To select the administrator, to enter into a contract with such firm and to do all such things as may be required in order to insure proper administration of the plan. In exercising this function, the Commission shall act only after soliciting proposals from interested firms in accordance with specifications prepared by the Commission. The preceding sentence notwithstanding, the Commission may enter into a contract, without the necessity of soliciting proposals, with a nonprofit corporation whose membership is limited to participants and is open to all participants. The commission shall require the administrator to furnish bonds of the type and amount deemed appropriate by the commission." (Emphasis added)
"Administrator" is defined in La.R.S. 42:1301 (1) to mean:
 ". . . the firm which, in accordance with its contract with the Commission, maintains the plan records, provides information to participants and prospective participants, manages the day-to-day activities of the plan relating to the transmittal of participant funds to investment product companies selected by the Commission, provides enrollment services, and/or prepares studies and recommendations for the Commission."
La.R.S. 42:1307 further provides:
 "Public notice of the Commission's intention to enter into a contract with an administrator or with an investment product company or to amend any such contract shall be published at least ten days prior to such action in the official journal of the state."
In accordance with the 1996 changes in federal law concerning deferred compensation plans, the Commission created a trust, with the Commission acting as the trustee for the Plan. Prior to 1996, IRC Section 457
required that all plan assets be held in the name of the governmental employer, subject to the claims of the employer's general creditors. Section 457 was amended to remove that requirement and to add a requirement that plans be held in such a way as to identify and protect the employees' interests in the Plan. Section 457 now requires that the assets of an eligible deferred compensation plan sponsored by a governmental employer be held in a trust, an annuity contract or a custodial account, and that such assets be held for the exclusive benefit of Plan participants. Op.Atty.Gen. No. 97-252.
As the assets of the Plan are no longer considered to be owned by the governmental employer, it is the opinion of this office that the provisions of the Professional, Personal, Consulting, and Social Services Procurement Act (the "Professional Procurement Act"), La.R.S. 39:1481, et seq., do not apply to the Plan. The Professional Procurement Act, which limits the term of certain contracts to three years, only applies to the expenditure of public funds.
We have been unable to find any specific provision of law, either in the Act or generally, which limits the length of time that the Commission could contract for and with a Plan Administrator. In general, contracts between parties can be amended in any respect which is not contrary to public policy or law. C.C. arts. 1906, 1968, 1971. As quoted above, La.R.S. 42:1307 contemplates amendments to the contract with the Plan Administrator. While we cannot find a specific prohibition which would prohibit the amendment of the contract to extend the term past that set forth in the Contract, we must recommend against such an amendment. To extend the term past that set forth in the RFP may be unfair to the other proposers who were not awarded the contract. It is possible that if the other proposers had had the opportunity to prepare their proposals based upon a longer term, their proposal would have been different and may have been the successful proposal.
We would suggest that in the next RFP, if it is determined that it would be the advantage of the Commission and its participants, that the Commission consider setting a longer initial contract term and/or longer term extensions.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attoney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH